978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon Dale MEADOR, Petitioner-Appellant,
v.
William BUNNELL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 90-56064.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Oct. 16, 1992.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gordon Meador pleaded guilty to first-degree murder and was sentenced to life without possibility of parole by a California state court. In November 1988, Meador petitioned for a writ of habeas corpus in federal district court. On June 28 1989, the magistrate granted Meador an evidentiary hearing and appointed counsel on June 30.
 
 
 3
 The federal magistrate conducted a two-day evidentiary hearing on September 30 and October 19, 1989. Evidence was presented on the question of Meador's competency to enter a plea and effectiveness of trial counsel. The magistrate found the evidence unpersuasive and recommended that Meador's petition be denied. The district court adopted the magistrate's findings and recommendation in full.
 
 
 4
 On appeal, Meador does not challenge the magistrate's findings. Instead, Meador contends that the magistrate should have appointed counsel sooner and that Meador's due process rights were violated as a result.
 
 
 5
 We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's decision denying Meador's petition for a writ of habeas corpus.
 
 Discussion
 
 6
 We review a district court's denial of a habeas petition de novo. Harding v. Lewis, 834 F.2d 853, 856 (9th Cir.1987), cert. denied, 488 U.S. 871 (1988) (citing Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985)).
 
 
 7
 On appeal, Meador contends that his due process rights were violated because the magistrate did not appoint counsel soon enough. Meador argues that this resulted in inadequate investigation and presentation of issues at the evidentiary hearing.
 
 
 8
 Meador does not argue that his counsel had inadequate time to prepare. Rather, he asserts that decisions made by his appointed counsel would have been different had counsel been appointed earlier.
 
 
 9
 In particular, Meador asserts that his counsel would have more fully investigated Meador's claim that he was incompetent to enter a plea because he suffers from epilepsy. Meador argues that counsel decided to underemphasize his claims about epilepsy because this issue had not been exhausted in state court.
 
 
 10
 During the time that Meador was unrepresented by counsel, the magistrate issued an order explaining to Meador that he should exhaust state remedies on the epilepsy claim or risk losing any right to relief on the issue. Meador did not return to state court to exhaust his remedies on the epilepsy claims.
 
 
 11
 On appeal, Meador says that he failed to exhaust state remedies because he did not understand the magistrate's instructions. Meador argues that he was prejudiced by the magistrate's failure to appoint counsel to assist him with the problem of exhaustion. He maintains that if counsel had been appointed sooner, Meador's contentions about his epilepsy would have been more fully investigated at the evidentiary hearing.
 
 
 12
 Meador's arguments are unpersuasive. Any failure to exhaust his claims about epilepsy in state court had no effect on the proceedings in federal court. The magistrate allowed Meador to present evidence about his epilepsy at the evidentiary hearing. There is no indication in the record that counsel did not know he could present evidence on this issue, and thus no indication that any earlier failure to exhaust state remedies prejudiced Meador.
 
 
 13
 The record does not indicate that counsel emphasized other issues to the exclusion of Meador's contentions about his epilepsy. Moreover, Meador has given no indication what information could or would have been uncovered had his contentions about his epilepsy been investigated further.
 
 
 14
 The district court's decision denying Meador's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3